IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Kenneth Wannamaker, | ) | |
| | ) | CA No. 9:10-2134-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Kenneth Wannamaker (Wannamaker), brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying his claim for Social Security Disability Insurance Benefits (DIB) under the Social Security Act (SSA). (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rules 73.02 and 83.VII.02 of the District of South Carolina. (Dkt. No. 14.)[1] The Report recommends affirming the decision of the Commissioner to deny DIB. The court adopts the Report and affirms the denial of benefits.

**I.**

Plaintiff filed an application for DIB on December 30, 2005, alleging that he became disabled as of January 17, 2002 due to back problems and bi-polar disorder. Subsequently, he

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

amended his disability onset date to August 7, 2003. His DIB application was denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing on October 2, 2008, and a supplemental hearing was held on May 8, 2009. On June 10, 2009, the ALJ issued a decision denying Wannamaker's DIB claim. Wannamaker requested a review of the ALJ's decision, which was denied by the Appeals Council, thereby making the ALJ's determination the final decision of the Commissioner.[2]

Wannamaker then filed this action on August 16, 2010. The magistrate judge filed the Report on September 2, 2011, recommending that the Commissioner's decision be affirmed. In the Report, the magistrate judge sets forth the relevant facts and legal standards which are incorporated here by reference. Wannamaker timely filed objections to the Report on September 16, 2011. (Dkt. No. 15.) This matter is now ripe for review.

## II.

The role of the federal judiciary in the administrative scheme established by the SSA is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . " 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the

---

[2] Wannamaker previously filed an application for DIB on July 1, 2003. That application was denied initially and upon reconsideration, and in a decision by the ALJ. The Appeals Council denied his request for review on October 28, 2005.

findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

### III.

Wannamaker's objections can be boiled down to two main contentions: First, he argues that the Report did not address his contention that the ALJ did not apply the correct law because the ALJ did not consider the cumulative effect of his impairments. Wannamaker argues that had the ALJ done so, he would have determined that Wannamaker's residual functional capacity was more limited. Second, Wannamaker argues the ALJ failed to properly apply the requirements of Acquiescence Ruling 00-1(4), and argues that doing so would have required the ALJ to give less weight to the prior residual functional capacity determination. The court holds that the Report adequately addressed these objections and finds them without merit.

### A.

As to Wannamaker's first objection, the court finds that the ALJ did adequately consider the cumulative effects of Wannamaker's impairments. Furthermore, the Report already addressed this contention. The Report states, "[Wannamaker] asserts that in reaching [the decision to deny disability] the ALJ erred by failing to consider the effects of all of [Wannamaker's] impairments . . . ." However, the magistrate judge stated that he "does not find that the [ALJ's] decision otherwise reflects a failure to consider the combined effect [Wannamaker's] impairments had on

his ability to work" and found that substantial evidence supported this determination. Furthermore, as noted in the Report, the ALJ thoroughly reviewed the new impairments and the cumulative effects of these impairments prior to determining that Wannamaker was not entitled to DIB.

**B.**

As to Wannamaker's contention that the ALJ did not properly assess his residual functional capacity, the court likewise finds that objection without merit. As the Report states, the ALJ reviewed all relevant medical history and subjective testimony at the hearing prior to determining that, despite the passage of time and the new impairments, little had changed in regards to Wannamaker's ability to perform light function. The Report also notes that the ALJ expanded Wannamaker's restrictions by limiting his contact with coworkers and supervisors. The Report states, "[Wannamaker] is not correct that the ALJ adopted the previous ALJ's residual functional capacity determination, nor is he correct in arguing that the ALJ here did not impose additional limitations to [Wannamaker's] residual functional capacity." The Report continues, "[T]he ALJ not only reviewed the medical evidence since [Wannamaker's] prior decision, but specifically reviewed that evidence in conjunction with Acquiescence Ruling 00-1(4) by giving the findings from the previous decision appropriate weight in light of all the relevant facts and circumstances in reaching a decision on [Wannamaker's] RFC." Accordingly, the court finds this contention without merit.

**IV.**

After carefully reviewing the record, the court finds that the ALJ, in reviewing the medical history and subjective testimony, conducted a thorough and detailed review of

Wannamaker's impairments, arguments, and functional capacity. Likewise, the magistrate judge considered each of Wannamaker's objections and properly addressed each in turn, finding them without merit. Having conducted the required de novo review of the issues to which Wannamaker has objected, the court finds no basis for disturbing the Report. The magistrate judge adequately addressed each of these issues in the Report, and the court concurs with both the reasoning and result recommended by the magistrate judge. The court adopts the Report and its recommended disposition. The court has carefully reviewed the record and finds that substantial evidence supports the Commissioner's decision that Wannamaker was not disabled as defined by the Social Security Act. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (defining substantial evidence as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion").

After a thorough review of the record, the court finds the magistrate judge's Report provides an accurate summary of the facts and law in this case. The court adopts the Report of the magistrate judge and incorporates it here by reference. Wannamaker's objections are overruled. For the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

                                              s/Timothy M. Cain
                                              Timothy M. Cain
                                              United States District Judge

Greenville, South Carolina
March 2, 2012